1

2

3        **UNITED STATES DISTRICT COURT**

4        **EASTERN DISTRICT OF WASHINGTON**

5                                            Case No. 12cv107-JPH

6

7    ROBIN FRANCIS SEILER

8                         Plaintiff,           ORDER GRANTING DEFENDANT'S
                                               MOTION FOR SUMMARY
     vs.                                       JUDGMENT
9

10   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,

11                       Defendant.

12

13       **BEFORE THE COURT** are cross-motions for summary judgment, ECF

     Nos. 14 and 16. Attorney Lora Lee Stover represents plaintiff (Seiler). Special
14

15   Assistant United States Attorney David J. Burdett represents defendant

16   (Commissioner). The parties consented to proceed before a magistrate judge. ECF

17   No. 19. After reviewing the administrative record and the briefs filed by the parties,

18   the court **grants** defendant's motion for summary judgment, ECF No. 16.

19                                    **JURISDICTION**

20       Seiler protectively applied for supplemental security income (SSI) benefits on

     May 27, 2009 alleging disability beginning September 1, 2007 (Tr. 138-141). The

     ORDER GRANTING DEFENDANT'S MOTION
     FOR SUMMARY JUDGMENT ~ 1

claim was denied initially and on reconsideration (Tr. 88-91, 98-99).

Administrative Law Judge (ALJ) James W. Sherry held a hearing on July 8, 2010. Seiler and a vocational expert testified (Tr. 43-77). On July 30, 2010, the ALJ issued an unfavorable decision (Tr. 16-28). The Appeals Council denied review on December 22, 2011 (Tr. 1-5), making the ALJ's decision final. Seiler appealed pursuant to 42 U.S.C. §§ 405(g), 1382 on February 21, 2012. ECF No. 2, 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Seiler was 23 years old at the hearing. She graduated from  high school and completed two to two and a half years of college (Tr. 47, 156, 225). She alleges physical and mental limitations (Tr. 151, 218).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 2

that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 3

step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 4

made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 5

Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**ALJ'S FINDINGS**

At step one the ALJ found Seiler did not engage in substantial gainful activity after onset (Tr. 18). At steps two and three, he found she suffers from thoracic degenerative spondylosis, lumbar degenerative disc disease, migraine headaches, depressive disorder NOS and generalized anxiety disorder with features of post-traumatic stress disorder (PTSD), impairments that are severe but do not meet or medically equal a Listed impairment (Tr. 18-19).  The ALJ found Seiler is able to perform a range of light work (Tr. 21).  At step four, he found Seiler has no past relevant work (Tr. 27, 51). At step five, ALJ Sherry relied on the VE's testimony and found Seiler could perform other jobs, such as fast food worker, mail clerk and cashier. Accordingly, the ALJ found Seiler is not disabled as defined by the Act  (Tr. 27-28).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 6

///                  **ISSUES**

Seiler alleges the ALJ should have found her credible and more limited than he did. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks us to affirm.

**DISCUSSION**

*A. Credibility*

Seiler alleges the ALJ's credibility assessment is flawed. ECF No. 15 at 9, 11-13. The Commissioner answers that malingering and other evidence fully support the ALJ's negative credibility assessment. ECF No. 17 at 6-8.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

1      The ALJ found Seiler's medically determinable impairments could reasonably

2   be expected to cause the alleged symptoms; however, he found Seiler's statements

3   concerning the intensity, persistence and limiting effects of these symptoms are not

4   credible to the extent they are inconsistent with the ability to perform a range of light

5   work (Tr. 21-22, 25). Even if the Court disagrees with the Commissioner's assertion

6   there is evidence of malingering, the ALJ's reasons meet the higher standard of clear

7   and convincing.

8      The ALJ found Seiler less than credible for several reasons  (Tr. 22). He relied

9   on  the lack of supporting objective evidence. Daniel Hagerty, M.D., a doctor at

10  Sacred Heart Hospital, notes Seiler "is here for the fourth time in the last three

11  weeks for evaluation . . . multiple imaging studies including a CT scan within the

12  last seven days is entirely negative except for a very slight superior and place

13  compression at T11." Tr. 550. *See also* Tr. 641, 959 (March 2009 and January 2010:

14  x-rays and MRI of thoracic and lumbar spines reveal only mild findings). Seiler

15  alleged she experienced seizures, but EEG results In February 2009 were entirely

16  normal (Tr. 717, 719). Although lack of medical evidence cannot form the sole basis

17  for discounting allegations, it is a factor the ALJ can consider when analyzing

18  credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

19     The ALJ relied on drug-seeking behavior, noted by several treating and

20  examining doctors repeatedly throughout the record. In January 2009 examining

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 8

neurologist John Wurst, M.D., observes Seiler's "substantial overreliance on opiate analgesics." Jan Mueller, M.D., "fired" Seiler as a patient, noting she went to the ER eighteen (18) times between January and August of 2009. Seiler violated her pain contract with Sharon Dietrich, M.D., after testing positive for marijuana in November 2009. As a result, narcotics were no longer prescribed. (*See* Tr. 457, 503-04, 647, 649, 653, 675, 687-88, 691, 784-85, 840, 897, 921, 927-28, 959.) The ALJ's reason is proper. *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001)(the likelihood that claimant exaggerated pain complaints to "feed his Valium addiction" supported the ALJ's decision to reject his testimony).

The ALJ relied on Seiler's inconsistent statements. She told treating doctor Gabriel Charbonneau, M.D., she was in physical therapy when she was not (Tr. 23, 452, 457). Medical providers note Seiler's physical capabilities are often inconsistent with allegedly severe symptoms. Dr. Charbonneau notes Seiler reported suffering back strain for a few weeks; however, he saw that she got up from a chair in the waiting room "briskly," came into the exam room, got onto the table, and crossed her legs – all without any evidence of discomfort or pain  (Tr. 23, 452).  *See also* Tr. 653, 665  (similar observations by treating doctor Timothy Meyer, M.D., in March and April 2009). This is also a clear and convincing reason. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistencies between statements and conduct are properly considered).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 9

1    The ALJ relied on Seiler's activities such as wrestling, moving heavy items

2    including furniture, attending yoga classes every other day for three months and

3    gardening. These and other reported activities are inconsistent with the severity of

4    limitation Seiler alleges (Tr. 22-25; 65, 67, 396, 466, 515, 756, 846, 920). *See*

5    *Thomas*, 278 F.3d at 958-59 (the extent of daily activities is properly considered).

6        The ALJ's reasons are clear, convincing and supported by substantial

7    evidence.

8        Seiler alleges because psychological profile testing was valid (Tr. 361) and

9    objective evidence demonstrates physical abnormalities (Tr. 952-54), the ALJ

10   should have credited her testimony. ECF No. 15 at 12. The reasons Seiler offers for

11   re-weighing credibility are not persuasive. The ALJ's reasons for his credibility

12   finding are clear, convincing and supported by substantial evidence. Even when

13   evidence reasonably supports either confirming or reversing the ALJ's decision, we

14   may not substitute our judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094,

15   1098 (9th Cir. 1999). Seiler's invitation to re-weigh the credibility assessment is not

16   well founded.

17       *B. RFC*

18       Seiler alleges the ALJ's residual functional capacity assessment should have

19   included moderate limitations assessed by Frank Rosekrans, Ph.D., in his 2008 and

20   2009 evaluations. ECF No. 15 at 13, referring to Tr. 384, 511. The Commissioner

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 10

1    responds that the ALJ included the "mental impairment of [a] moderate limitation

2    in social functioning" when he limited her to superficial public contact, and Seiler

3    fails to explain why a moderate limitation in social functioning would prevent

4    performing any of the other duties of the jobs identified by the VE. ECF No. 17 at 9.

5        The ALJ weighed the contradictory evidence. ALJ Sherry notes in January

6    2008, Mahlon Dalley, Ph.D., evaluated Seiler. Dr. Dalley concluded Seiler did not

7    meet the diagnostic criteria for a psychological disorder that would preclude

8    employment, although she did meet the criteria for personality disorder with

9    borderline features. He opined medications were managing symptoms. Seiler

10   indicated she is "currently participating in outpatient chemical dependency treatment

11   through New Horizons."  She took two years of aeronautical engineering classes at

12   Embry Aeronautic University but took a break when she became pregnant. She did

13   not attend special education classes (Tr. 25, 156, 359, 361).

14       Three months later, Dr. Rosekrans first evaluated Seiler for the first time, in

15   April 2008 (Tr. 384).  He states there is *no* indication of substance abuse (Tr. 383).

16   Seiler took special education classes and "attempted some college classes in

17   Arizona" (Tr. 387). Dr. Rosekrans assessed six moderate limitations and a GAF of

18   57 (Tr. 383-84, 390).

19       Dr. Rosekrans performed another evaluation in March 2009 (Tr. 511). He

20   assessed seven moderate limitations;  however, they were expected to last no more

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 11

than six months (Tr. 510-12). Seiler said she had no problems cooking, cleaning or driving. Dr. Rosekrans describes her as "comfortable in social settings" (Tr. 517), which is inconsistent with his assessed moderate limitations in the ability to relate to co-workers and supervisors, and interact appropriately in public contacts (Tr. 511). Rosekrans again assessed a GAF of 57. After noting Seiler had been taking hydrocodone for more than a year,  he opined she should have only one prescribing source (Tr. 518).

The ALJ properly weighed the contradicted evidence of psychological limitations. The Commissioner is correct that the ALJ included a moderate limitation in social functioning by limiting Seiler to superficial public contact. ECF No. 17 at 9. Seiler fails to specify any error in the ALJ's weighing of the evidence or assessed RFC. The Court requires contentions to be accompanied by reasons. *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003).

Seiler alleges the RFC and hypothetical fail to "fully represent Plaintiff's physical impairments." ECF No. 15 at 13. Again, this is a contention unsupported by reasons. The record fully supports the assessed RFC. Although Seiler alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 12

evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 16**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 2nd day of August, 2013.

<u>*S/ James P. Hutton*</u>

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 13